J-S02019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL ESPINAL | : | |
| | : | |
| Appellant | : | No. 692 MDA 2021 |

Appeal from the PCRA Order Entered April 21, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001761-2008

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.:       **FILED: JUNE 29, 2023**

Appellant, Gabriel Espinal, appeals *pro se* from the order entered April 21, 2021, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows.

> On February 26, 2009, following a two-day jury trial, Appellant . . . was found guilty of criminal attempt to commit criminal homicide, two counts of aggravated assault, simple assault, firearms not to be carried without a license, and possessing instruments of [a] crime.  On March 27, 2009, Appellant was sentenced to an aggregate term of [22 to 44] years[' incarceration], to be served in a state correctional facility. Thereafter, Appellant filed a counseled appeal that was later dismissed [by this Court on October 7, 2009] for failure to file a brief.
>
> On December 4, 2009, Appellant, through [original direct appeal] counsel, filed his first [PCRA petition in which counsel attempted to assert his own ineffectiveness in the direct appeal proceedings.  The PCRA court dismissed the petition and an

appeal followed. This] Court quashed the appeal for lack of jurisdiction due to the untimeliness of the notice of appeal. [**See Commonwealth v. Espinal**, 13 A.3d 995 (Pa. Super. 2010)].

Appellant filed his second PCRA petition on January 13, 2011, and the [PCRA] court appointed counsel, who then filed an amended petition. [On January 12, 2012,] the [PCRA] court granted PCRA relief and reinstated Appellant['s direct appeal rights *nunc pro tunc*]. Counsel filed [a direct appeal *nunc pro tunc* but, ultimately, this Court] affirmed Appellant's judgment of sentence. [**See Commonwealth v. Espinal**, 60 A.3d 563 (Pa. Super. 2013). Our Supreme Court subsequently denied *allocatur* on January 29, 2013. **See Commonwealth v. Espinal**, 63 A.3d 774 (Pa. 2013)].

On April 27, 2013, Appellant filed a document entitled "Informal *Pro Se* Petitioner Request for Discovery," which [the PCRA] court denied for lack of jurisdiction. In a subsequent filing dated July 8, 2013, Appellant requested copies of various transcripts and renewed his request for discovery, indicating that he intended to file another PCRA petition. However, finding that no such PCRA petition had been filed, th[e PCRA court] denied the request as no matter was currently pending before the court.

On September 5, 2013, Appellant filed a subsequent *pro se* PCRA petition. On [January 2, 2014], th[e PCRA] court again assigned PCRA counsel to represent Appellant in the new PCRA matter. On December 1, 2014, PCRA counsel filed a [no-merit] letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and a petition to withdraw as counsel. On December 18, 2014, th[e PCRA] court granted PCRA counsel's petition to withdraw and filed a notice of intent to dismiss the petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907(a). On January 6, 2015, Appellant filed a [*pro se*] response to the court's notice of intent to dismiss in which he claimed that he should be provided a copy of his transcript and that he should be provided new appointed counsel. In so doing, Appellant asserted that "it [was] highly unlikely that [PCRA] counsel found that no constitutional violations occurred during [Appellant's] trial as it is well-known that no trial is perfect." Appellant further argued that if provided his transcript[,] he could assert additional claims. Thereafter, on

> January 26, 2015, th[e PCRA] court dismissed Appellant's petition without an evidentiary hearing. The same day, [the PCRA court] ordered that Appellant be provided with the transcripts of his trial and sentencing.
>
> On February 25, 2015, Appellant filed a notice of appeal, dated February 18, 2015, to th[is Court]. By order dated April 23, 2015, [this Court] dismissed Appellant's appeal for failure to comply with Pa.R.A.P. 3517.
>
> On October 8, 2020, Appellant filed the instant *pro se* PCRA petition. While Appellant acknowledged that the petition was untimely, he claim[ed] that he [was] eligible for the governmental interference exception pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i) because the [PCRA] court denied his July [8,] 2013 request for transcripts[.]
>
> Th[e PCRA] court filed a [Rule 907 Notice] on December 2, 2020, citing Appellant's untimely petition and his failure to [validly invoke] any of the exceptions to the time[-bar] under 42 Pa.C.S.A. § 9545(b)(1). On December 22, 2020, Appellant filed a response to the [PCRA] court's notice [arguing that the PCRA court's failure to provide him with transcripts and discovery before he filed his PCRA petition constituted governmental interference and, as such, his petition was timely pursuant to Section 9545(b)(i)(1)]. On April 21, 2021, th[e PCRA] court issued an order dismissing Appellant's petition. [On May 16, 2020, Appellant filed a timely notice of appeal to this Court].

PCRA Court Statement in Lieu of Opinion, 7/8/21, at *1-*3 (unpaginated) (internal citations and superfluous capitalization omitted).

After Appellant filed his notice of appeal, the PCRA court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). **See** PRCA Court's Order 6/10/21, at 1. The order directed Appellant to file and serve his concise statement within 21 days from the date the order was entered. **Id.** Appellant, however, failed to file a timely Rule 1925(b)

statement and, thus, Appellant failed to comply with the PCRA court's order.[1]
As such, Appellant's claims on appeal are necessarily waived. **See**
Pa.R.A.P.1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b)]
Statement and/or not raised in accordance with the provisions of [Rule
1925(b)(4)] are waived"); ***Greater Erie Indus. Dev. Corp. v. Presque Isle
Downs, Inc.***, 88 A.3d 222, 223 and 227 (Pa. Super. 2014) (*en banc*) (holding
that an appellant waives all claims on appeal where the appellant "fail[s] to

_____

[1] On November 22, 2021, Appellant filed an application for special relief,
requesting this Court to grant a stay and "remand [his case] back to [the
PCRA] court to . . . amend[ his 1925(b) statement." Appellant's Application
of Relief, 11/22/21, at 1. On December 7, 2021, this Court remanded the
matter for 21 days and ordered the PCRA court to rule on the merits of
Appellant's motion. Superior Court Order, 12/7/21, at 1. On December 27,
2021, the PCRA court issued an order holding that Appellant's motion "fail[ed]
to set forth any good cause or extraordinary circumstances" permitting the
PCRA court to "grant the opportunity to amend or supplement with a 1925(b)
concise statement especially since Appellant failed to file any concise
statement within the allotted period of time." PCRA Court Order, 12/27/21,
at 1. Appellant, however, filed an "amended" 1925(b) statement on
December 20, 2021 despite the PCRA court's order. Then, on May 9, 2022,
Appellant filed another application for special relief, again requesting this
Court to "stay [] his appeal" and to remit the matter to the PCRA court so
Appellant could "supplement his 1925(b) statement to add [a]fter
[d]iscovered [e]vidence." Appellant's Application for Special Relief, 5/9/22,
at *1 (unpaginated). On May 12, 2022, this Court remanded the matter for
14 days and ordered the PCRA court to rule on the merits of Appellant's
petition. Superior Court Order, 12/7/21, at 1. Then, on May 23, 2022, the
trial court granted Appellant's request to supplement his 1925(b) concise
statement and further ordered Appellant to do so within 21 days of the date
of its order. PCRA Court's Order, 5/23/22, at 1. Appellant filed an amended
1925(b) statement on May 24, 2022. We offer these procedural developments
by way of background as our disposition of this matter rests upon Appellant's
original failure to file a 1925(b) statement within 21 days of the PCRA court's
June 10, 2021 order and the PCRA court's subsequent refusal to permit
Appellant to "supplement" an unfiled concise statement.

comply timely with the trial court's order directing it to file a concise statement of errors pursuant to [Rule 1925(b)]"); **see also** PCRA Court Statement in Lieu of Opinion, 7/8/21, at *3 (noting that all appellate issues were waived because Appellant failed to file a 1925(b) statement).

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/29/2023